UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CRYSTAL IS, INC.,

                      Plaintiff,

v.                                                             1:21-CV-0606
                                                                 (GTS/DJS)
NITRIDE SEMICONDUCTORS CO., LTD.,

                      Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

ROBINS KAPLAN LLP                               CYRUS MORTON, ESQ.
   Counsel for Plaintiff                               RAJIN OLSON, ESQ.
2800 La Salle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-3394

ROBINS KAPLAN LLP                               ANNIE HUANG, ESQ.
   Counsel for Plaintiff
900 Third Avenue, Suite 1900
New York, NY 10022

RADULESCU LLP                                    KEVIN S. KUDLAC, ESQ.
   Counsel for Defendant
501 Congress Avenue, Suite 150
Austin, TX 78701

RADULESCU LLP                                    ETAI LEHAV, ESQ.
   Counsel for Defendant
5 Penn Plaza, 19th Floor
New York, NY 10001

BOIES, SCHILLER & FLEXNER LLP        ADAM R. SHAW, ESQ.
   Counsel for Defendant
30 South Pearl Street, 11th Floor
Albany, NY 12207

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this patent-infringement action filed by Crystal IS, Inc. ("Plaintiff") against Nitride Semiconductors Co., Ltd. ("Defendant"), are (1) Plaintiff's motion for summary judgment, (2) United States Magistrate Judge David E. Peebles' Report-Recommendation recommending, *inter alia*, that Plaintiff's motion for summary judgment be granted in part and denied in part without prejudice, and (3) Defendant's Objections to the Report-Recommendation. (Dkt. Nos. 41, 80, 82.) For the reasons set forth below, the Court rejects Defendant's Objections, and accepts and adopts Magistrate Judge Peebles' Report-Recommendation in its entirety.

**I.      RELEVANT BACKGROUND**

Because this Decision and Order is intended primarily for the review of the parties, who have demonstrated an adequate understanding of both this action's relevant procedural history and the substance of Magistrate Judge Peebles' Report-Recommendation (*see* Dkt. Nos. 82, 84), the Court will not recite either this action's relevant procedural history or the substance of the Report-Recommendation, except to summarize the Report-Recommendation generally.

Generally, in his 45-page Report-Recommendation, which followed a 120-minute oral argument, Magistrate Judge Peebles rendered the following three recommendations: (1) that the parties' agreed construction of the order of the steps recited in the claimed method of Claim 2 as outlined in their joint claim construction statement be adopted (*see* Dkt. No. 38, at 1), and that the claim term be construed to mean "method Claim 2 requires performance of the steps in the sequence recited in the claim, namely, step (a) is performed, and then step (b) is performed, and then step (c) is performed"; (2) that Plaintiff's motion for summary judgment be granted with

2

regard to Claim 2 of the '270 Patent (because of a lack of admissible record evidence from which a rational juror could find the existence of a separate step (b)), and denied with regard to Claim 9 of the '270 Patent without prejudice to renewal following claim construction proceedings related to Claim 9; and (3) that the parties be directed to supplement their opening claim construction briefs to include thorough arguments regarding any disputed claim terms that arose in the course of litigating the motion for summary judgment that were not included in their opening claim. (Dkt. No. 80, at 44-45.)

Generally, in its Objections, Defendant asserts three arguments: (1) that the Report-Recommendation erroneously recommends the granting of summary judgment of noninfringement of Claim 2 based on grounds not raised by a party (i.e., that the construction of Claim 2 with respect to the "performance of the steps in sequence" is "relevant to the current motion for summary judgment"), without giving Defendant notice and a reasonable time to respond, in violation of Fed. R. Civ. P. 56(f)(2) and *Willey v. Kirkpatrick*, 801 F.3d 51 (2d Cir. 2015); (2) that the Report-Recommendation erroneously interprets the parties' agreed construction concerning the order of steps in Claim 2; and (3) that, even if the Report-Recommendation's above-referenced interpretation were correct, the Report-Recommendation erroneously ignores evidence establishing a genuine issue of material fact as to the order of steps in Claim 2. (Dkt. No. 82, at 9-18.)

Generally, in its response to the Objections, Plaintiff asserts three arguments: (1) that the Report-Recommendation correctly applied Defendant's construction of separate, sequential method steps to find no infringement of Claim 2; (2) that Defendant's new argument (i.e., that the alleged accumulation of elemental Gallium during the formation of the *first* MQW well could

satisfy the claimed composition material limitation, and the formation of the other MQWs could then satisfy the second Ga-based semiconductor limitation) has no bearing on the Report-Recommendation's conclusion that there is no separate step (b) to form the claimed composition material, because the new argument (a) contradicts the argument that Defendant presented to Judge Magistrate Peebles at oral argument (i.e., that the entire set of MQWs are the second Ga-based semiconductor), and in any event (b) is little more than a repackaging of Defendant's old argument (i.e., that the mere fleeting existence of Gallium atoms which react with Nitrogen and Aluminum to grow AlGaN for the first MQW satisfies step (b)), which Magistrate Judge Peebles considered and rejected in his Report-Recommendation; and (3) that, contrary to Defendant's argument that the recommendation of granting summary judgment on noninfringement of Claim 2 is improperly based on grounds not raised in Plaintiff's motion, Defendant had notice of both these grounds (which were first raised in Defendant's own opposition memorandum of law and thus properly discussed in Plaintiff's reply memorandum of law) and the parties' stipulated construction.   (Dkt. No. 84, at 6-11.)

## II.     STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.   Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).   To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."   N.D.N.Y. L.R. 72.1(c).[1]

---

[1]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).   However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.² Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

---

he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

²       *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

636(b)(1)(C).

### III.   ANALYSIS

After carefully considering the matter, the Court rejects Defendant's Objections, and accepts and adopts Magistrate Judge Peebles' Report-Recommendation in its entirety, for the reasons stated in the Report-Recommendation and Plaintiff's response to Defendant's Objections.   *See, supra,* Part I of this Decision and Order.   To those reasons, the Court adds only three brief points.

First, Defendant's Objections specifically challenge only certain portions of the Report-Recommendation under Fed. R. Civ. P. 72(b)(2) and N.D.N.Y. L.R. 72.1(c).   (*Compare* Dkt. No. 82, at 5-7 [listing 11 findings and/or conclusions] *with* Dkt. No. 82, at 9-18 [identifying bases for objections].)   Although those portions of the Report-Recommendation warrant a de novo review, the remaining portions of the Report-Recommendation warrant only a clear-error review, which they easily survive for the reasons stated in the thorough Report-Recommendation.   (*See generally* Dkt. No. 80.)

Second, with regard to Defendant's first objection (i.e., that the Report-Recommendation improperly recommends the granting of summary judgment of noninfringement of Claim 2 based on grounds not raised by a party, without giving Defendant notice and a reasonable time to respond), the Court finds that the current case is distinguishable from the case relied on by Defendant: *Willey v. Kirkpatrick*, 801 F.3d 51 (2d Cir. 2015).   In *Willey*, a plaintiff (who had been proceeding *pro se* before the district court) successfully argued on appeal that the district judge had improperly based his granting of the defendants' motion for summary judgment on a ground (a failure to state a claim) that had never been raised by the defendants or the plaintiff in

their briefing, and without giving the plaintiff "notice and an opportunity to respond" under Fed. R. Civ. P. 56(f).  *Willey*, 801 F.3d at 62-63.   Here, by contrast, the ground relied on by Magistrate Judge Peebles (a simultaneous-steps analysis) had been tread upon first by Defendant in its opposition memorandum of law (*see, e.g.,* Dkt. 67 at 28-29 [arguing that "thermal decomposition and beta elimination" allegedly cause the formation of elemental Gallium "***during*** the formation of the barrier and well layers" [emphasis added]), and then by Plaintiff in its reply memorandum of law (*see, e.g.,* Dkt. No. 74, at 8 ["Indeed, the '270 Patent includes no discussion of ***simultaneous*** or inherent steps."] [emphasis added]).[1]  Indeed, the ground was mentioned by Plaintiff during the oral argument.   (Dkt. No. 81, at 17:22-18:17 [arguing that "it

---

[1] The Court notes that, because a reply memorandum of law may properly contain arguments responding to arguments asserted in an opposition memorandum of law (*see Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261 (Fed. Cir. 2002) ("[R]eply briefs reply to arguments made in the response brief."), it was permissible for Plaintiff to include this argument in its reply memorandum of law.  *See, e.g., Otten v. BNSF Ry. Co.,* No. 22-8025, 2023 WL 1948626, at *1 (10th Cir. Feb. 13, 2023) ("BNSF's and Union Pacific's reply brief on summary judgment permissibly expanded upon opening brief arguments and addressed arguments advanced by Mr. Otten in his response brief."); *Cent. States, Se. & Sw. Areas Pension Fund v. White*, 258 F.3d 636, 640 (7th Cir. 2001) (finding that appellant properly made argument for the first time in reply brief because it was prompted by arguments made in appellee's response brief; *Saenz v. Old Dominion Freight Line, Inc.*, 18-CV-4718, 2019 WL 6622840, at *2 (N.D. Ga. June 7, 2019) ("[A]lthough the Court agrees that new evidence submitted with a reply brief usually is improper, such evidence is permissible when it is submitted only to respond to the opponent's argument made in a response brief. . . . Here, the declarations and other evidence were submitted to counter Old Dominion's arguments. Therefore, the Court will not exclude the evidence on this basis.") (citation omitted); *Hammond, Kennedy, Whitney & Co. v. Honeywell Int'l, Inc.*, 16-CV-9808, 2018 WL 587182, at *2 (N.D. Ill. Jan. 29, 2018) ("Although a party raising an argument for the first time in a reply brief generally waives that argument, a reply brief may raise 'new' issues when responding to new arguments from the non-moving party's response brief."); *In re H&R Block IRS Form 886 Litigation*, 13-CV-2474, 2014 WL 3401010, at *1 (W.D. Mo. July 11, 2014) ("The Court finds that defendants did not raise any new arguments in their reply brief, and instead facts and arguments presented in their reply were properly responsive to issues raised by plaintiffs in their response brief."); *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993) ("[W]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers—both briefs and

was agreed that the method requires performance of the steps in the sequence recited in the claim, namely step [a] is performed and then step [b] is performed and then step [c] is performed. There is no room there, your Honor, for step [b] to be performed while step [a] is performed or while step [c] is performed. It's [a], then [b], then [c], affirmative steps."].)   Simply stated, the Court finds that the ground relied on by Magistrate Judge Peebles was sufficiently "raised by the parties" for purposes of Fed. R. Civ. P. 56(f)(2).

Third, and finally, with regard to Defendant's second objection (i.e., that the Report-Recommendation improperly interprets the parties' agreed construction concerning the order of steps in Claim 2), the Court finds that the language of that agreed construction was clear: "Method claim 2 requires performance of the steps *in the sequence* recited in the claim, namely step (a) is performed, *and then* step (b) is performed, *and then* step (c) is performed." (Dkt. No. 38, at 1 [Joint Claim Construction and Prehearing Statement] [emphasis added]; *see also* Dkt. No. 39, at 14 [Def.'s Opening Claim Construction Brief]; Dkt. No. 40, at 13 [Plf.'s Opening Claim Construction Brief].)[2]   Because of the unambiguous meaning of the words "and then," the Court must reject Defendant's argument that the parties' agreed construction can be properly understood only through extrinsic evidence, specifically, the "the full context of Claim 1 and the disclosure of the '270 Patent."   (Dkt. No. 82, Attach. 1, at 11.)

For all of these reasons, the Court accepts and adopts Magistrate Judge Peebles' Report-Recommendation in its entirety.

**ACCORDINGLY**, it is

---

affidavits—may properly address those issues."), *aff'd*, 41 F.3d 1510 (7th Cir. 1994).

[2]   In addition, the Court notes that, on September 3, 2021, in another federal court action (i.e., *Nitride Semiconductors Co., Ltd. V. Digi-Key Corp. d/b/a Digi-Key Elec.*,17-CV-4359 [D. Minn.]), Defendant did not challenge this "Order of steps" construction.   (Dkt. No. 41, Attach.

**ORDERED** that that the parties' agreed construction of the order of the steps recited in the claimed method of Claim 2 as outlined in their joint claim construction statement is adopted, and the claim term is construed to mean "method Claim 2 requires performance of the steps in the sequence recited in the claim, namely, step (a) is performed, and then step (b) is performed, and then step (c) is performed"; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 41) is **GRANTED in part** (specifically, with regard to Claim 2 of the '270 Patent), and **DENIED in part** (specifically, with regard to Claim 9 of the '270 Patent) **without prejudice** to renewal following claim construction proceedings related to Claim 9; and it is further

**ORDERED** that that the parties shall supplement their opening claim construction briefs to include thorough arguments regarding any disputed claim terms that arose in the course of litigating the motion for summary judgment that were not included in their opening claim.

Dated: March 31, 2023
       Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge

---

8, at 7, n.2 [Nitride' Opening Claim Construction Brief].)